Sept., 1925] Benton County v. Oliver Const. Co. 335

141 Miss.]                           Syllabus.

## Benton County v. Oliver Const. Co.*

[105 So. 856.   No. 25164.]

(Division B.   Nov. 16, 1925.)

Highways.   *Contract for clearing and grubbing in construction of eleven and eight tenths miles of road held to be for a lump sum for entire length.*

Contract for clearing and grubbing in construction of eleven and eight tenths miles of road, of specified width, *held*, in view of specifications, proposal, and notice to bidders, to be for lump sum of five hundred dollars for entire length, and not for that sum with eleven and eight tenths acres as the unit, notwithstanding "eleven and eight tenths acres" were placed in the "approximate quantities" column of bidder's proposal; this being followed by bid "five hundred dollars lump sum."

*Headnote 1. Highways, 29 C. J., Section 348.

Appeal from circuit court of Benton county.
Hon. Thos. E. Pegram, Judge.

Action by the Oliver Construction Company against Benton county. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*Lester G. Fant,* for appellant.

The rule is settled in Mississippi that where the statute makes an exhibit a part of the bill and it is contradictory to the allegations of the bill, the facts will be taken to be in conformity with the exhibit. *House* v. *Gumble & Co.,* 78 Miss. 259; *McNeil* v. *Lee,* 79 Miss. 455.

Before a peremptory instruction can be justified, the evidence for the opposing side must be treated as proving every fact favorable to the appellant's case, which it either proves or tends to prove. *Miller* v. *Bank of Holly Springs,* 131 Miss. 63.

The supreme court on appeal, having the statutory power to enter proper judgment (Code of 1906, sec. 4919),

when manifest from the record will enter proper judg-
ment where there is no material conflict in the evidence.
*Grenada Grocery Co.* v. *Tatum et al.,* 113 Miss. 388; *In-
surance Co.* v. *Lumber Co.,* 104 Miss. 636; *Hairston* v.
*Montgomery,* 102 Miss. 364.

The demurrer interposed in this cause should have
been sustained.    Page 62 shows very clearly that a
lump sum only was bid for the clearing and grubbing be-
cause the column for the unit price is left vacant, and it
says lump sum for clearing and grubbing. This language
was in the contract, and it is undisputed in evidence that
there was no change in the location of the road made.
Yet in spite of the language of this contract, which is
plain and simple, and in spite of the testimony made
that the bid was in a lump sum and was paid for in a
lump sum, the court made the remarkable decision that
the plaintiff was entitled to a peremptory decision.

*R. J. Gresham,* also for appellant.

This suit involves the construction of the contract en-
tered into with the appellee, Oliver Construction Com-
pany, for the construction of the Bankhead Highway run-
ning through said fifth supervisor's district. If the
unit rule is to prevail, then the appellee wins; if the lump
sum rule prevails, then the appellant wins.

In construing a contract every word in the contract is
to be given effect. In *Harris* v. *Townsend,* 101 Miss. at
597, the court uses this language: "We must, if possible,
in construing any contract, give effect to each word con-
tained in it."

The declaration says: "To do this clearing and grub-
bing on this road project and upon the estimate of eleven
and eight-tenths acres, the said contractor bid the sum
of five hundred dollars and made said bid in a lump sum
as directed by the instructions on the blank furnished."
On the same page the declaration further says: "Said
instructions also provided that the form furnished for the
proposal, beginning at page 61 of said exhibit, must be

filled out as given and no change shall be made either in the phraseology of, or in the items mentioned in the proposal form." On the same page the declaration continues: "The said item one was therefore filled out in a bid for the lump sum, as required by instruction with reference to the same, with the special agreement and understanding at the time it was filled out that the estimate of eleven and eight-tenths acres to be cleared and grubbed on said project was not intended to be accurate but was merely an estimate to form a basis upon which contractors could bid for the doing of said work."

Now, if the contract required the words "lump sum" to be put in with reference to the clearing and grubbing, what was it put in the contract for? There was no such requirement in regard to the common excavation, the barrow excavation or the estimated number of lineal feet of pipe, but the "lump sum" was restricted to the clearing and grubbing alone. If there is any doubt as to the construction of the contract as to this item—and appellant maintains there is none—then it is a well settled rule that in construing public contracts such contracts are construed in favor of the public. 6 R. C. L., page 854, sec. 242.

In order for the appellee to win, the court must read out of the contract, solemnly entered into between the Oliver Construction Company and Benton county, the words "lump sum" in regard to the item for the clearing and grubbing. With these words in the contract they must be given a meaning, and the only meaning they could have is that the clearing and grubbing was bid off at a lump sum bid, and must be paid for accordingly. To hold otherwise would be to read out of the contract a material part of it.

*Charles Lee Crum,* for appellee.

The approximate quantities of the clearing and grubbing as placed there by the appellant's engineer gives eleven and eight-tenths acres. On page 6 of Specifica-

tions, under interpretation of approximate estimate, it is clearly stated to bidders that the approximate quantities "will serve so far as this contract is concerned, only for the purpose of comparing bids. The basis of payment will be the actual quantities of work performed."

It will be noted that the total clearing and grubbing provided for by this contract is defined to mean "that portion of the right of way lying inside the limits of the road bed and slopes." So the total clearing and grubbing provided by the contract necessarily means, according to this definition, all the clearing and grubbing that was required to be done, which in this case is shown to be fifty-nine and three tenths acres.

Sec. 1, page 18 of the Specifications provides that clearing and grubbing is to be paid for, in the absence of a special agreement to the contrary, "at the lump sum *rate*." Partial payments were to be made on the percentage finished of total clearing and grubbing specified. Now, since it has been clearly demonstrated that the total clearing and grubbing specified in the contract and required to be done by the engineer was fifty-nine and three-tenths acres, the contractor should have been paid for this work according to the total amount of work actually done. It will be noted carefully that the instructions to bidders and in stating the manner of paying for the specific items of clearing and grubbing the contract always states that it is to be paid for at the "lump sum *rate*" and not paid for in a lump sum merely. This is the same rule that every item in the contract was paid for, that is, the amount of actual work done was paid for, not on the estimate given, but at the rate it was bid in on the approximate estimates given by the engineer. The word *rate* is clearly used in every part of this contract to mean *ratio* or *proportion*. This is the usual and common meaning of this English word and is the legal meaning as defined by hundreds of decisions in the United States. This is the meaning all the dictionaries give it that I have seen.

There is an apparent element of fraud and injustice to appellee to accept a construction placed upon this contract by appellant. In the first place, the contractor is told first of all that in receiving his pay he will not be limited to the estimates, but will be paid for all actual work done. This statement applies to approximate estimates of clearing and grubbing the same as it does to any other of the numerous items given on pages 62 and 65. Secondly, he is assured by the engineer that eleven and eight-tenths acres is an approximate estimate. The word *approximate* means *near, next to.* There were fifty-nine and three-tenths acres to be actually cleared and grubbed and an approximate estimate of the work would be fifty-nine or sixty acres. It is a positive fraud on the contractor to represent to him that eleven and eight-tenths acres approximates the true number of acres to be cleared and grubbed, when this is less than twenty per cent of the amount that was actually required of him. Thirdly, the contractor was told that when he was required to bid for clearing and grubbing in lump sum, that he would not be required to accept the lump sum, but would be paid for his actual work in this item at the lump sum rate.

In *Palmberg* v. *City of Astoria* (Ore.), 199 Pac. 630, it is held that the careless and negligent statement of estimated embankment for a street building made by the city's engineer, whereby the estimate is far below the actual amount required to be done, constitutes a tort and fraud against the contractor bidding, for which the city is liable. In the case at bar the estimate of the engineer as to clearing and grubbing is a representation of the county or the district it was representing and would constitute a fraud for which the county or the district it represents would be responsible.

There was no conflict in the evidence as to the proper way of measuring the amount of clearing and grubbing done.

It is true that the bid was, under the directions of the instructions to the bidders, made in a lump sum, but it is

also true that there was an estimate of the approximate number of acres to be cleared and grubbed, and that these same instructions to bidders stated that estimate of quantities will serve so far as the *contract* is concerned, only for the purpose of comparing bids; that the basis of payment will be the actual quantities of work performed in completing the project, and if the quantity was more than the estimate the contractor would be paid proportionately more; if less than the estimate, proportionately less. Even a court of equity would not correct such an error as now contended for, after the contractor had been mislead thereby and had completed the clearing and grubbing at great cost. The doctrine of estoppel would prevent such contention.

The Mississippi rule for measurinig, for which appellant is contending, is that of no measurement at all and is local to Mississippi; and, according to the terms of the contract, is excluded, as all local rules and customs are. But by what rule of law can the local custom in Mississippi, or any custom, vary the terms of this contract which plainly tells the contractor that he will be paid for all clearing and grubbing actually done at the lump sum *rate* of his bid? Customs cannot vary or alter the clear terms of the contract signed in this case.

*R. J. Gresham,* in reply, for appellant.

If Judge Crum's construction is correct, then every line of paragraph at the bottom of page 18 is surplusage, and without meaning, because on page 6 of the contract we find this language: "The basis of payment will be the actual quantities of work performed; and, if upon completion of the project, the actual quantities show either increase or decrease from the quantities shown in the approximate estimate, the unit prices mentioned in the proposal still prevail."

Reading the whole contract clearly shows that one item of the contract was bid off at a lump sum, and all the others were bid off at unit prices, and that page 6 of the

Sept., 1925] Benton County v. Oliver Const. Co.   341

141 Miss.]                    Opinion of the Court.

contract has reference only to the items of unit price bids, and page 18 has reference to the one item bid off at a lump sum. Nowhere in Judge Crum's brief does he make any sort of explanation why the one item of clearing and grubbing was bid off at a lump sum and all the other items were bid off at unit prices. It is evident that there was a reason for it, and the reason was to avoid paying for the clearing and grubbing the exorbitant prices both Mr. Oliver and Mr. Lynch mention in their testimony.

Argued orally by *Lester G. Fant* for appellant.

Holden, P. J., delivered the opinion of the court.

The appellee, the Oliver Construction Company, sued the fifth supervisors' district of Benton county for an alleged balance of two thousand twelve dollars and fifty-four cents, claimed to be due the company for clearing and grubbing done in the construction of the Bankhead highway, known as federal aid project No. 22, eleven and eight-tenths miles in length. The lower court directed a verdict for two thousand twelve dollars and fifty-four cents in favor of the construction company, from which decision Benton county appeals.

The question involved is whether the clearing and grubbing of the eleven and eight-tenths miles of road was let for a lump sum, or whether the bid and letting was on a unit basis; that is, on a basis of acreage to be cleared and grubbed in the construction of the project of eleven and eight-tenths miles. If the contract was that the clearing and grubbing of the entire project was to be paid for on a lump sum basis, then the appellant, Benton county, must be successful in this litigation, but, on the other hand, if the contract for the clearing and grubbing was upon a unit or acreage basis, then the construction company should recover.

The state highway department prepared the specifications, proposal, contract, and bond for the construc-

tion of project No. 22, federal aid road, known as Myrtle-Potts Camp road, between Tupelo and Memphis, in Benton county, to be of gravel surface, and eleven and eight-tenths miles in length.

The specifications and proposal for this project were prepared and bids advertised for; and the notice to road contractors provided, among other things, that "the length of road to be improved or constructed is eleven and eight-tenths miles." The specifications and proposal for the construction of a road eleven and eight-tenths miles in length were made a part of the contract for its construction.

Appellee, the Oliver Construction Company, submitted its proposal to construct the road, which proposal was accepted and thereby became the contract between the construction company and the county. The proposal provided, among other things, that the Oliver Construction Company would do the "clearing and grubbing for five hundred dollars lump sum." The form of letting provided that the bid on the clearing and grubbing must be for a lump sum. The specifications, which are a part of the contract, also provided as follows:

"(1) Clearing and grubbing will, in the absence of a special clause to the contrary, be paid for at the lump sum rate for the entire project mentioned in the proposal. Where partial payments are made, these will be based on the percentage finished of the total clearing and grubbing specified. Payments made on this basis shall be full compensation for all work specified under the sub-heading 'Clearing and Grubbing.' In cases of change in location involving an increased amount of clearing and grubbing, a proportional allowance for such increase will be made."

It will be noted the specifications expressly provide that this character of work, namely, clearing and grubbing, must be bid and paid for at "the lump sum rate for the entire project mentioned in the proposal."

The exact form used by the construction company in its proposal to construct the road, which proposal became the contract in the case, was, so far as is pertinent, as follows:

| Items No. | Approximate Quantities. | Items with Unit Bid Price Written in Words. | Unit Bid Price. | Amount Bid. |
|---|---|---|---|---|
|  |  |  | $    Cts. | $    Cts. |
| 1 | 11.8 Acres | Clearing and grubbing for five hundred dollars lump sum. |  | $500  00 |

It will be observed the figures 11.8 acres appear in the column of "Approximate quantities." Then in the next space to the right appears the "Clearing and grubbing for five hundred dollars lump sum." It will be seen, further, that the column for "Unit Bid Price" is blank, and then on to the right in the column of "Amount Bid" is five hundred dollars.

It is the contention of the appellee, construction company, that it was entitled to pay on the basis of five hundred dollars for eleven and eight-tenths acres, or about forty-two dollars per acre for each acre cleared and grubbed on the eleven and eight-tenths miles road project. It is claimed by appellee that the contract as proposed and accepted, was to clear and grub the project on an acreage basis of eleven and eight tenths acres at the lump sum of five hundred dollars and payment to be made at a "lump sum rate," or proportional rate for each acre in the entire project; and that, as the construction company cleared and grubbed fifty-nine acres of the road project. This is about as clear as we can pre-acre, it was entitled to two thousand twelve dollars and fifty-four cents additional to the five hundred dollars lump sum bid and received, to cover the additional forty-eight acres cleared and grubbed.

The argument is put forth that the "payment to be made at a lump sum rate" means that the bid of five hundred dollars to clear and grub eleven and eight tenths

acres fixed the lump sum rate to be paid at forty-two dollars per acre for each acre cleared and grubbed in the road project. This is about as clear as we can present the contention of the appellee.

The county and the highway engineer claimed that the entire project of eleven and eight-tenths miles was to be cleared and grubbed for the lump sum of five hundred dollars, and they refused to pay the construction company any greater sum than five hundred dollars, which amount was received by the construction company under protest, and claimed the balance of two thousand twelve dollars and fifty-four cents, the amount sued for and recovered in the case.

It is our opinion that the item of clearing and grubbing the eleven and eight-tenths miles of road was let at the lump sum of five hundred dollars for the entire project; there being no "special clause to the contrary." This amount was bid, under the contract, for the clearing and grubbing of whatever acreage there might be in the project. The stipulation in the specifications, which are part of the contract, providing that "clearing and grubbing will, in the absence of a special clause to the contrary, be paid for at the lump sum (five hundred dollars) rate for the entire project mentioned in the proposal," simply means that the bid of five hundred dollars in this case was the lump sum to cover the entire work, and any part of the work done should be paid for in the proportion of five hundred dollars to the whole project. For instance, if the contractor had cleared and grubbed one-half of the eleven and eight-tenths miles project, then he would have been entitled to receive pay on the basis of one-half of five hundred dollars, the lump sum bid, which would be two hundred fifty dollars. We cannot see that the contract means anything else.

The bid of the construction company was to do the whole work of clearing and grubbing for the lump sum of five hundred dollars. It will be noticed the bid was not upon a unit basis, for the column in which the unit basis bid was required to be written is blank; therefore

it is not a unit basis bid, but is a lump sum bid for the entire work.

We think this is the true construction of the contract, regardless of the fact that "eleven and eight-tenths acres" was placed in the column opposite the bid, because the construction company knew the clearing and grubbing was to be done for the entire project of eleven and eight-tenths miles, which manifestly consisted of more than eleven and eight-tenths acres, and the contractor undertook the work at the lump sum of five hundred dollars, regardless of what the proposal may have erroneously stated or estimated as to the acreage.

Now the specifications, proposal, and notice to bidders in this case plainly proclaimed that the road project was eleven and eight-tenths miles long and designated its width. All parties knew the road was eleven and eight-tenths miles in length and of a certain width, which was to constitute the amount of clearing and grubbing to be done to complete the project, and yet, notwithstanding this fact, the figures eleven and eight-tenths acres are placed in the "Approximate Quantities" column, and followed with a bid of five hundred dollars as the lump sum for the work.

It seems that the writing of the figures eleven and eight-tenths acres was an error, and that the intention of the parties was not expressed by these figures, because eleven and eight-tenths miles was the length of the road project which was in the minds of the parties.

However, if we be mistaken in this view, still it is our judgment that, where there is a conflict in two provisions of a contract, and one must yield, it is the duty of the court to ascertain, if possible, from the whole contract, and the circumstances and surroundings, which of the conflicting provisions was intended to prevail, and adopt that construction. So, if it be said that there is a conflict herein, then it is our opinion that the dominant idea in the minds of the parties was that the road project was eleven and eight-tenths miles in length, and the clearing and grubbing was to be of the entire project,

for a lump sum, regardless of the amount of acreage therein.

And, following that interpretation, we think the construction company undertook by its contract to clear and grub the entire acreage in the eleven and eight-tenths miles project for the sum of five hundred dollars. And, since the five hundred dollars has been paid, the county is not liable for any further amount. In view of these conclusions, the judgment of the lower court will be reversed, and the judgment entered here for appellant.

Reversed, and judgment here for appellant.

*Reversed.*